J. S02011/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                       :  PENNSYLVANIA
              v.  :
                                         :
GARY MONROE STEWART,  :  No. 1141 EDA 2018
                                         :
              Appellant  :

Appeal from the PCRA Order, March 14, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0000603-2016

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED MARCH 15, 2019**

Gary Monroe Stewart appeals from the March 14, 2018 order entered in the Court of Common Pleas of Delaware County that denied his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  PCRA counsel has also filed an application to withdraw.  We affirm.

The PCRA court set forth the following:

> A criminal complaint was filed on January 14, 2016, by Officer Crescent Parker, Lansdowne Police Department, charging [appellant] with, ***inter alia***, driving under the influence – highest rate of alcohol,[Endnote 1] and false identification to law enforcement authorities.[Endnote 2]
>
> [Endnote 1] 75 Pa.C.S.[A.] § 3802(c).
>
> [Endnote 2] 18 Pa.C.S.[A.] § 4914.
>
> A preliminary hearing was held on January 28, 2016, at which, ***inter alia***, the Commonwealth was

permitted to amend the original allegation of driving under the influence – highest rate of alcohol to driving under the influence – general impairment,[Endnote 4] as well as to include the additional charge of driving while operating privilege is suspended (driving under the influence related).[Endnote 5]  Following the prosecution's presentation of evidence, the presiding magisterial district judge held [appellant] for trial court proceedings as to all charged offenses, including those allowed per its amendment applications.

[Endnote 4] 75 Pa.C.S.[A.] § 3802(a)(1).

[Endnote 5] 75 Pa.C.S.[A.] § 1543(b).

[Appellant] on February 24, 2016, was formally arraigned and the Office of the Delaware County District Attorney then lodged against him a criminal information averring, *inter alia*:  Count 1 – Driving Under the Influence – General Impairment (Third Offense); Count 2 – False Identification to Law Enforcement Authorities; and Count 5 – Driving While Operating Privilege is Suspended – Driving Under the Influence Related.

On March 29, 2016, [appellant] entered a counseled, negotiated plea of guilty before this court as to: Count 1 – Driving Under the Influence – General Impairment (Tier Three (3) – Third Offense), a first degree misdemeanor; Count 2 – False Identification to Law Enforcement Authorities; and Count 5 – Driving While Operating Privilege is Suspended – Driving Under the Influence Related.  With his lawyer then waiving such an investigation,[Endnote 12] [appellant] was sentenced immediately subsequent and wholly consistent with the attorneys' plea agreement to the following: Count 1 (Driving Under the Influence (Tier Three (3) – Third Offense), a misdemeanor of the first degree) – A twelve (12) to sixty (60) month incarceration term to be served at a state correctional institution; Count 2 (False Identification to Law Enforcement Authorities) – A period of three (3) to twelve (12) months['] imprisonment to be served concurrent to [C]ount 1

(driving under the influence); and Count 5 (Driving While Operating Privilege is Suspended – Driving Under the Influence Related) – A sixty (60) day incarceration term to be served consecutive to the concurrent sentences of [C]ount 1 (driving under the influence) and [C]ount 2 (false identification to law enforcement). Appellant was afforded the agreed on and applicable time served credit and was deemed for recidivism risk reduction incentive[Endnote 19] consideration ineligible, absent objection.

> [Endnote 12] *See generally* Pa.R.Crim.P. 702(A).

> [Endnote 19] 61 Pa.C.S.[A.] [§] 4501 *et seq*.

Flowing from [appellant's] at bar guilty plea, the negotiations of counsel also encompassed a *Gagnon II*[1] hearing and resultant disposition under the docket, *Commonwealth v. Stewart*, No. 7717-14 – Delaware County. Hence, just after the above-captioned matter's (No. 603-16) conclusion with sentencing imposition, such a *Gagnon II* proceeding (No. 7717-14) was held.

Upon the stipulation of counsel, appropriate notice as to this *Gagnon II* hearing's date, time, location, and purpose was established as [were] [appellant's] violations of both past imposed probation and previously granted parole per the criminal information's [C]ounts 1 – driving under the influence, a misdemeanor of the first degree, and 8 – possession of a controlled substance[Endnote 21] with an agreed violation sentencing recommendation in the aggregate of one (1) to three (3) years[']

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *see also Commonwealth v. Ferguson*, 761 A.2d 613 (Pa.Super. 2000) (explaining that when parolee or probationer is detained pending revocation hearing, due process requires determination at pre-revocation hearing (*Gagnon I* hearing) of probable cause to believe violation was committed, and upon finding of probable cause, a second, more comprehensive hearing (*Gagnon II* hearing) follows before the trial court makes final revocation decision).

imprisonment to be served wholly concurrent with the at[-]bar sentence, save one (1) day time served credit. This court found [appellant] in violation of past directed probation and previously allowed parole, revoked each, and sentenced [appellant] completely consistent with the *Gagnon* aspect of the overall dispositional agreement to an aggregate one (1) to three (3) year imprisonment term to be served fully concurrent to the at[-]bar sentence (No. 603-16).

[Endnote 21] 35 [P.S.] § 780-113(a)(16).

[Appellant] in the above-captioned matter (No. 603-16) filed neither post–sentence motions, including any application seeking to withdraw his negotiated guilty plea, nor from the resultant sentencing judgment a direct appeal to the Superior Court. [Appellant] similarly regarding the Gagnon case, No. 7717-14, lodged no post-sentence pleadings and/or an appeal.

[Appellant] filed on March 15, 2017, a self-represented [PCRA] Motion. This PCRA pleading being his first collateral lodging [appellant] was entitled to counsel's assistance. Via an order dated March 21, 2017, and consistent with such a request of [appellant], Scott D. Galloway, Esquire was for purposes of this PCRA action designated to represent [appellant].

On June 12, 2017, [appellant's] appointed attorney lodged an Amended [PCRA] Petition.

With the filing of the amended PCRA petition by [appellant's] collateral lawyer, this court directed the prosecution to lodge an answer to that counseled pleading.

The Commonwealth on February 14, 2018, filed its answer through which the prosecution sought this PCRA action's dismissal, absent a hearing.

On February 20, 2018, this court entered a Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907.

> Through an order of March 14, 2018,[Endnote 22] this court dismissed [appellant's] self-represented Motion for [PCRA relief] and his counseled, Amended [PCRA] Petition.
>
> > [Endnote 22] The [PCRA] court's past entered dismissal notice was forwarded directly to [Attorney Galloway] by regular and electronic mail on February 20, 2018, as well as to [appellant] via both prepaid regular and certified mail. Neither [appellant] nor his PCRA attorney lodged a response to this court's dismissal notice.
>
> [Appellant] on April 9, 2018, timely lodged by his lawyer an appeal notice from this court's dismissal of his collateral pleadings.
>
> The court in an order of that same date (April 9, 2018) instructed [appellant] via his PCRA attorney to file of-record a concise statement of [errors] complained of on appeal [pursuant to Pa.R.A.P. 1925(b)].
>
> [Appellant's] counsel on May 2, 2018, timely [complied].

PCRA court opinion, 10/5/18 at 1-6 (record citations, statutory citations, case law citations, and endnotes 3, 6-11, 13-18, and 20 omitted).

The record reflects that on November 28, 2018, Attorney Galloway filed with this court an application to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738, (1967). Counsel petitioning to withdraw from PCRA representation must proceed not under ***Anders*** but under ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) (***en banc***), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988). ***See Commonwealth v. Wrecks***, 931 A.2d 717, 721-722 (Pa.Super. 2007) (citations omitted). "A

*Turner*/*Finley* no merit letter is the appropriate filing. However, because an *Anders* brief provides greater protection to the defendant, we may accept an *Anders* brief in lieu of a *Turner*/*Finley* letter." *Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004). Therefore, we proceed to address whether Attorney Galloway's *Anders* brief satisfies the requirements of *Turner*/*Finley*.

Pursuant to *Turner*/*Finley*, before withdrawal on collateral appeal is permitted, an independent review of the record by competent counsel is required. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel must then submit a no-merit letter that (1) details the nature and extent of his or her review; (2) lists each issue the petitioner wishes to have reviewed; and (3) explains why the petitioner's issues lack merit. *Id.* The court then conducts its own independent review of the record to determine whether the petition indeed lacks merit. *Id.* Counsel must also send petitioner: "(1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Wrecks*, 931 A.2d at 721.

Our review of the record demonstrates that Attorney Galloway has complied with each of the above requirements. Additionally, Attorney Galloway sent appellant copies of the *Turner*/*Finley* no-merit letter and his application to withdraw and advised appellant of his right to retain

new counsel or proceed **pro se**. **See Commonwealth v. Widgins**, 29 A.3d

816, 818 (Pa.Super. 2011). Appellant did not file a response.

We now address the following issue raised by appellant to determine

whether we agree with Attorney Galloway that it lacks merit:

> Was trial counsel ineffective for allowing [appellant]
> to plead guilty to driving under the influence ["DUI"]
> and driving while suspended DUI-related when
> counsel knew or should have known that the United
> States Supreme Court granted certiorari in **Birchfield
> [v.] North Dakota**[, ___ U.S. ___, 136 S.Ct. 2160
> (2016),] on December 11, 2015?

**Anders** brief at 4 (full capitalization omitted).

In PCRA appeals, our scope of review "is limited to the findings of the

PCRA court and the evidence on the record of the PCRA court's hearing, viewed

in the light most favorable to the prevailing party." **Commonwealth v. Sam**,

952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most

PCRA appeals involve questions of fact and law, we employ a mixed standard

of review. **Pitts**, 981 A.2d at 878. We defer to the PCRA court's factual

findings and credibility determinations supported by the record.

**Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa.Super. 2014) (**en banc**). In

contrast, we review the PCRA court's legal conclusions **de novo**. **Id.**

Here, appellant asserts ineffective assistance of guilty plea counsel.

> In evaluating claims of ineffective assistance of
> counsel, we presume that counsel is effective.
> **Commonwealth v. Rollins**, 558 Pa. 532, 738 A.2d
> 435, 441 (Pa. 1999). To overcome this presumption,
> Appellant must establish three factors. First, that the
> underlying claim has arguable merit. **See**

> ***Commonwealth v. Travaglia***, 541 Pa. 108, 661 A.2d 352, 356 (Pa. 1995). Second, that counsel had no reasonable basis for his action or inaction. ***Id.*** In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. ***See Rollins***, 738 A.2d at 441; ***Commonwealth v. (Charles) Pierce***, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). Finally, "Appellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that 'but for the act or omission in question, the outcome of the proceedings would have been different.'" ***See Rollins***, 738 A.2d at 441 (quoting ***Travaglia***, 661 A.2d at 357). A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs. ***Commonwealth v. (Michael) Pierce***, 567 Pa. 186, 786 A.2d 203, 221-22 (Pa. 2001); ***Commonwealth v. Basemore***, 560 Pa. 258, 744 A.2d 717, 738 n.23 (Pa. 2000); ***Commonwealth v. Albrecht***, 554 Pa. 31, 720 A.2d 693, 701 (Pa. 1998) ("If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met.").

***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007).

In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea. ***See Commonwealth v. Mendoza***, 730 A.2d 503, 505 (Pa.Super. 1999). "[A] defendant is bound by the statements which he makes during his plea colloquy." ***Commonwealth v. Barnes***, 687 A.2d 1163, 1167 (Pa. 1997) (citations omitted). As such, a defendant may not assert grounds for

withdrawing the plea that contradict statements made when he entered the plea. *Id.* (citation omitted).

Here, appellant complains that plea counsel should not have permitted him to plead guilty on March 29, 2016, because plea counsel knew or should have known that the United States Supreme Court had granted *certiorari* in *Birchfield*, *supra*, and that plea counsel should have anticipated that the High Court's June 23, 2016 decision could have positively impacted his case. (*Anders* brief at 11-13.)

It is well settled that counsel "cannot be deemed ineffective for failing to predict developments or changes in the law." *Commonwealth v. Williams*, 936 A.2d 12, 28 (Pa. 2007), quoting *Commonwealth v. Gribble*, 863 A.2d 445, 464 (Pa. 2004). Therefore, we agree with Attorney Galloway that this claim lacks arguable merit.

Having conducted an independent review of the record, this court is satisfied that the issue raised in appellant's petition is meritless and that there are no other issues that support a grant of relief. Accordingly, the record supports the PCRA court's determination and that determination is free of legal error. We, therefore, grant Attorney Galloway's petition to withdraw and affirm the PCRA court's order.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/19